CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

1/28/2025

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IAN LEWIS AUCKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-00501 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GILEAD SCIENCES, INC., and | ) | By:   Hon. Thomas T. Cullen |
| HILARY ZACHRY | ) |      United States District Judge |
| | ) | |
| Defendants. | ) | |

Plaintiff Ian Lewis Auckland ("Auckland") brought this action against Defendants Gilead Sciences, Inc. ("GSI") and Hilary Zachry ("Zachry") alleging defamation and defamation *per se*. (Compl. ¶¶ 45–57 [ECF No. 1].) This case is before the court on Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (Mot. Dismiss [ECF No. 9].) For the reasons below, the court will grant the motion in part, deny it in part, and grant Auckland leave to file an amended complaint.

## I.    STATEMENT OF FACTS

The facts are taken from Auckland's complaint and, for purposes of this motion, are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences are drawn in favor of the plaintiff. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

Auckland began working for GSI on or around October 2014. (Compl. ¶ 7.) He lives in Virginia and worked for GSI from his home in Franklin County, Virginia. (*Id.* ¶ 1.) GSI, a biopharmaceutical company, operates throughout the United States, including in Virginia. (*Id.*

¶ 3.) The company is incorporated in Delaware and headquartered in California. (*Id.*) Zachry is also an employee of GSI and is domiciled in California. (*Id.* ¶ 4.)

In the summer of 2023, after over 7 years of employment at GSI, Auckland applied for a preceptorship role. (*Id.* ¶ 11.) That role was associated with greater visibility and was often leveraged for career advancement within GSI. (*Id.*) Auckland considered the preceptorship role to be a promotion compared to his role at the time as an executive institutional specialist. (*Id.* ¶ 8, 12.) At the time he applied, Auckland contends he was an exemplary employee; on GSI's annual performance reviews during his employment, Auckland consistently met or exceeded all managerial expectations. (*Id.* ¶ 10.) Also at that time, Zachry was a mentor for the GSI preceptorship mentorship program. (*Id.* ¶ 22.)

In August of 2023, both Auckland and Zachry attended a work conference. (*Id.* ¶ 15.) At the conference, Auckland and Zachry spoke to each other for approximately 5 minutes. (*Id.* ¶ 17.) Auckland and Zachry were surrounded by GSI employees and others during their conversation. (*Id.*) The conference concluded and both parties returned home.

On October 12, 2023, about two months after the conference, Auckland received the preceptorship position for which he had applied. (*Id.* ¶ 12.) On November 21, 2023, Auckland received an invitation to an online video conference with GSI Human Resources ("HR"), which he attended. (*Id.* ¶ 13.) During the video conference, HR questioned him about the preceptorship role and his interest in applying for it. (*Id.* ¶ 14.) HR also asked him if he recalled speaking to Zachry at the August conference. (*Id.* ¶ 15.) Auckland said that he remembered speaking with Zachry, and he described their conversation as brief and insignificant. (*Id.* ¶ 16.) According to Auckland, he answered these questions truthfully and professionally. (*Id.* ¶ 14.)

HR informed Auckland that he was under investigation for allegedly stating to Zachry at the conference that he "want[ed] to rip [her] panties off." (*Id.* ¶¶ 18, 24.) The allegation shocked Auckland, and he denied making the statement. (*Id.* ¶ 19.) Auckland alleges that GSI did not investigate Zachry's report to HR, nor did it have any intention of doing so. (*Id.* ¶ 34.) He further alleges that GSI's management directed HR to terminate Auckland's employment, despite knowing that Zachry's claims against Auckland were false. (*Id.* ¶ 35.) On December 1, ten days after the video conference, HR notified Auckland that his employment at GSI had been terminated. (*Id.* ¶ 20.)

After his termination, Auckland discussed the allegation underlying Zachry's HR report with multiple former colleagues, including one of Zachry's team members. (*Id.* ¶ 22.) From that conversation, he learned that Zachry favored other people for the preceptorship position. (*Id.* ¶ 23.) He also learned that Zachry had told a co-worker that Auckland had said he "want[ed] to rip [her] panties off" and directed that co-worker to report it to GSI's management. (*Id.* ¶¶ 24–26.) Auckland alleges that Zachry spread this allegation, which she knew to be false, to prevent him from receiving the preceptorship position. (*Id.*)

Further, Auckland alleges that, after it could not verify Zachry's report to HR, GSI tried to cover up Zachry's allegation. (*Id.* ¶ 27–28.) Auckland claims that, in exchange for her silence concerning the statement that Auckland allegedly made at the conference, GSI promised Zachry that Auckland would not work on accounts that Zachry preferred. (*Id.* ¶ 28–29.) But despite Zachry's machinations against him, Auckland received the preceptorship. (*Id.* ¶ 30.) After his termination, Auckland also apparently learned that Zachry had exchanged a

series of text messages with another GSI employee in October 2023, in which she discussed

this corrupt arrangement that she had allegedly made with GSI. (*Id.* ¶ 31.)

On August 2, 2024, Auckland brought suit in this court against GSI and Zachry,

alleging claims of defamation and defamation *per se.*  GSI and Zachry filed a motion to dismiss

under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), arguing that this court does not

have personal jurisdiction over Zachry and that the Complaint fails to state a claim upon which

relief can be granted. (*See generally* Mot. Dismiss). The motion was fully briefed by the parties

and is ripe now for disposition.

## II.    STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(2) challenge a court's personal jurisdiction over a

defendant. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

When a defendant challenges personal jurisdiction "based on the contents of a complaint and

supporting affidavits, the plaintiff has the burden of making a prima facie showing in support

of its assertion of jurisdiction." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th

Cir. 2014). At that stage, the court "must construe all relevant pleading allegations in the light

most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for

the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards*

*v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's

allegations "allow[] the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations,"

complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further

factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not

do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S.

at 555, 557).

### III.    ANALYSIS

### A.  The Court Lacks Personal Jurisdiction Over Zachry

A court may "assert personal jurisdiction over a nonresident defendant" if two

conditions are met: "(1) the exercise of jurisdiction must be authorized under the" forum

state's—here, Virginia's—long-arm statute; and "(2) the exercise of jurisdiction must comport

with the due process requirements of the Fourteenth Amendment." *Carefirst of Md.*, 334 F.3d

at 396. Virginia's long-arm statute permit courts to exercise personal jurisdiction over "a

person, who acts directly or by an agent, as to a cause of action arising from the

person's . . . [t]ransacting any business in this Commonwealth."[1] Va. Code Ann. § 8.01-

328.1(A)(1). And the Supreme Court of Virginia has interpreted the Virginia long-arm statute

to be co-extensive with "the outer bounds of due process," so this two-step inquiry collapses

into a single question. *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d

---

[1] The long-arm statue also permits the exercise of jurisdiction on a number of additional bases not relevant here. *See* Va. Code Ann. § 8.01-328.1(A)(2)–(10). Further, there is no contention that Zachry's contacts with Virginia are sufficiently "continuous and systematic" to give the court general personal jurisdiction over her, so the court's exercise of personal jurisdiction, if permissible, must be based on the conduct giving rise to this litigation. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.5 (4th Cir. 2009).

292, 301 (4th Cir. 2012); *see AESP, Inc. v. Signamax, LLC*, 29 F. Supp. 3d 683, 688 (E.D. Va. 2014). Accordingly, the proper inquiry is only whether the defendant has "sufficient minimum contacts with the forum state" to permit the court's exercise of jurisdiction. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009).

Auckland contends that the court can permissibly exercise personal jurisdiction over Zachry based on a series of text messages that Zachry exchanged with a "Virginia-based employee" in which Zachry and the other employee discussed what Auckland allegedly said to Zachry at the conference. (Mem. Opp'n Mot. Dismiss at 4 [ECF No. 14].) Auckland's argument fails.

While a "single act of doing business by a person in the Commonwealth" suffices to confer personal jurisdiction, *Darden v. Heck's, Inc.*, 459 F. Supp. 727, 731 (W.D. Va. 1978), "the law is well settled that mere emails and telephone calls directed at Virginia do not amount to transacting business in Virginia," *Nathan v. Takeda Pharms. Am. Inc.*, CL-2010-2064, 2011 WL 8947650, at *8 (Va. Cir. Ct. Aug. 2, 2011). It follows that Zachry's "single act" of exchanging a series of text messages does not confer jurisdiction of this court over her personally because the text message exchange is not a business transaction within the meaning of the long-arm statute. *See id.*

Further, the complaint does not allege that the messages were either sent from or received in Virginia. Though Auckland's response to Defendants' motion states that the exchange was with a "Virginia-based employee," and seems to indicate that the employee was in Virginia at the time of the exchange, those facts do not appear in the complaint or in an

affidavit. (*See* Mem. Opp'n Mot. Dismiss at 2, 4.) Accordingly, the court cannot properly consider those facts. *See Universal Leather, LLC*, 773 F.3d at 558.

Auckland has not identified any other basis for jurisdiction, and the court has not identified any additional facts in the complaint that would establish personal jurisdiction. Because Auckland has not met his "burden of making a prima facie showing in support of" the court's exercise of personal jurisdiction, *id.*, the court will grant Defendants' motion as to the claims against Zachry.

Auckland asserts that he can "plead additional or alternative facts" to supplement the complaint, and requests leave to amend the complaint should the court find the existing allegations deficient. (Mem. Opp'n Mot. Dismiss at 20 n.2.) The court will grant that request and permit Auckland to file an amended complaint.

## B.  The Complaint States a Claim for Relief

To succeed on a defamation claim under Virginia law, a plaintiff must plead and prove three elements: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Tharpe v. Saunders*, 737 S.E.2d 890, 892 (Va. 2013). An actionable statement is one that is both false and defamatory. *Schaecher v. Bouffault*, 772 S.E.2d 589, 594 (Va. 2015). A statement is defamatory if it tends to "harm the reputation of another [so] as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993) (quoting Restatement (Second) of Torts § 559). "A statement is defamatory *per se* if it (i) imputes the commission of a crime of moral turpitude for which a party may be convicted, (ii) imputes that the person is infected with a contagious disease which would exclude the person from society, (iii) imputes an unfitness to

- 7 -

perform the duties of a job or lack of integrity in the performance of duties, or (iv) prejudices

the party in [his] profession or trade." *Taylor v. CNA Corp.*, 782 F. Supp. 2d 182, 201 (E.D. Va.

2010). "If a plaintiff proves defamation per se, 'Virginia law presumes that the plaintiff

suffered actual damage to his reputation and, therefore, [the plaintiff] does not have to present

proof of such damages.'" *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 503 (W.D. Va. 2019)

(quoting *Swengler v. ITT Corp. Electro-Optical, Prods. Div.*, 993 F.2d 1063, 1071 (4th Cir. 1993)).

"Defamation claims may be defeated by an appropriate assertion of privilege which, in turn,

may be overcome if the plaintiff proves that the privilege has been lost or abused." *Thompson

v. Rockingham County*, 663 F. Supp. 3d 509, 532 (W.D. Va. 2023) (citing *Cashion v. Smith*, 749

S.E.2d 526, 532 (Va. 2013)).

Defendants argue that Auckland's claims against GSI should be dismissed because (1)

the allegations in the complaint do not establish that GSI had reason to believe that Zachry's

report to HR was false or that GSI acted with reckless disregard for the truth; (2) Zachry's

report to HR is protected by the internal corporate communications privilege, so it cannot

satisfy the publication prong of a defamation claim; (3) Virginia's anti-SLAPP (Strategic

Lawsuit Against Public Participation)[2] statute bars Auckland's claims; and (4) Zachry's report

to HR is not an actionable statement under Virginia law. (Mem. Supp. Mot. Dismiss at 2 [ECF

No. 10].) The court is unconvinced by these arguments at this early stage of the litigation and

will deny Defendants' motion as to the claims against GSI.

---

[2] "Generally speaking, anti-SLAPP statutes aim to weed out and deter lawsuits brought for the improper purpose of harassing individuals who are exercising their protected right to freedom of speech." *Fairfax v. CBS Corp.*, 2 F.4th 286, 296 (4th Cir. 2021) (citing *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 169 (5th Cir. 2009)).

Defendants' first argument—that the complaint is insufficient to establish actual malice on the part of GSI—is irrelevant. The only actionable statement that is alleged in the complaint is Zachry's report to HR that Auckland told her he "want[ed] to rip [her] panties off." (Compl. ¶¶ 24, 46, 52.) Likewise, the complaint clearly states that Auckland seeks to hold GSI liable "on the basis of *respondeat superior*."[3] (Compl. ¶¶ 48, 54.) The complaint does not profess to allege direct liability on the part of GSI. Because the complaint only seeks to hold GSI vicariously liable for Zachry's allegedly false allegation underlying her report to HR, the relevant questions are whether Zachry defamed Auckland, and whether GSI can be held vicariously liable for Zachry's conduct. GSI's state of mind—if any—is simply not an element of Auckland's claim.[4] Though some of the arguments that Auckland makes in his response to Defendants' motion sound in direct liability against GSI, no such claim is asserted on the face of the complaint, so the court will evaluate the motion only on the basis of the vicarious liability claims against GSI.

Defendants' second and third arguments—that Auckland's claims are defeated by the internal corporate communications privilege and barred by Virginia's anti-SLAPP statute—both fail because the complaint contains sufficient allegations that *Zachry* acted with actual malice to survive a motion to dismiss. The internal corporate communications privilege additionally does not apply because the complaint alleges that Zachry acted with common-law malice.

---

[3] *Respondeat superior* liability can apply to defamation claims under Virginia law. *See Lokhova v. Halper*, 995 F.3d 134, 146 (4th Cir. 2021) (applying *respondeat superior* to defamation claim); *Koontz v. Jording*, 3:18cv380, 2019 WL 1339595, at *9 (E.D. Va. Mar. 25, 2019) (same).

[4] For the same reason, whether GSI made a statement that satisfies the publication prong of a defamation claim is irrelevant. (*See* Mem. Supp. Mot. Dismiss at 8 n.5.)

To show actual malice, a defamation plaintiff must allege that a statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964). Virginia's anti-SLAPP statute expressly incorporates that standard: "The immunity provided by this section shall not apply to any statements that the declarant knew or should have known were false or were made with reckless disregard for whether they were false." Va. Code Ann. § 8.01-223.2(B). With respect to the internal corporate communications privilege, the Supreme Court of Virginia has recognized a number of grounds on which the privilege can be defeated, including that "the statements were made with knowledge that they were false or with reckless disregard for their truth." *Cashion*, 749 S.E.2d at 533.

In his complaint, Auckland alleges that he never told Zachry that he "want[ed] to rip [her] panties off" *and* that Zachry knew Auckland had never made such a statement. (Compl. ¶¶ 19, 25.) At the motion to dismiss stage, the court accepts these allegations as true. *See Bell Atl. Corp.*, 550 U.S. at 555–56. These facts sufficiently establish that Zachry knew her allegation was false when she made it to GSI. *See Steele v. Goodman*, 382 F. Supp. 3d 403, 428 (E.D. Va. 2019) (explaining that defendants "cannot prevail on the defense of 'truth'" on a motion to dismiss "due to the deference the Court must give Plaintiffs' allegations at this procedural stage"). Further, actual malice is a question of fact generally reserved for the jury. *See Alexis v. Kamras*, No. 3:19-cv-00543, 2020 WL 7090120, at *20–21 (E.D. Va. Dec. 3, 2020). Accordingly, the complaint sufficiently alleges that Zachry acted with actual malice, which defeats the internal corporate communications privilege and makes Virginia's anti-SLAPP statute inapplicable at this stage of litigation.

The complaint additionally alleges that Zachry acted with common-law malice, which also defeats the internal corporate communications privilege. *See Meredith v. Nestle Purina Petcare Co.*, 516 F. Supp. 3d 542, 557 (E.D. Va. 2021). Common-law malice can be shown in a number of ways, including if a statement is "motivated by personal spite or ill will" or "not made in good faith." *Cashion*, 749 S.E.2d at 533. Auckland's complaint alleges that Zachry falsely accused him of making a sexually charged statement because she "did not wish for Mr. Auckland to receive the preceptorship" and "favored other parties for the position over Mr. Auckland." (Compl. ¶¶ 22–25.) These allegations suffice to establish common-law malice at the motion to dismiss stage.

Defendants' final argument—that Zachry's report to HR regarding Auckland's alleged statement to her is not actionable—also fails. Defendants argue that, because the complaint does not allege that the allegation underlying Zachry's report to HR was made to anyone outside GSI, "Plaintiff cannot allege that the statement at issue harmed his reputation in the community or prejudiced him in his profession." [5] (Mem. Supp. Mot. Dismiss at 11.) That argument misunderstands the standard. Whether a statement is actionable as defamatory does not turn on the actual effect the statement had on the plaintiff's reputation. That is because whether a statement is defamatory is a question of law, not a question of fact. *Taylor*, 782 F. Supp. 2d at 201. To be defamatory a statement must merely be of the type that "*tend*[*s*] *to* harm the reputation of another." *Chapin*, 993 F.2d at 1092 (emphasis added) (quoting Restatement

---

[5] Properly framed, this argument goes to the publication prong of a defamation claim, not the actionability prong. But because the complaint contains sufficient allegations to defeat the application of the internal corporate communications privilege at this stage and because Auckland seeks to hold GSI liable only under a *respondeat superior* theory of liability, Zachry's statement to GSI and other GSI employees satisfies the publication prong at this stage of the litigation.

(Second) of Torts § 559). Accordingly, to determine whether a statement is actionable, the court must examine the substance of the statement itself—not the statement's actual impact on the plaintiff.

An allegation of workplace sexual harassment is a serious matter that has the power to "lower [a plaintiff] in the estimation of the community or to deter third persons from associating or dealing with him." *Chapin*, 993 F.2d at 1092 (quoting Restatement (Second) of Torts § 559); *see Reid v. James Madison Univ.*, No. 5:21-cv-00032, 2024 WL 3656775, at *10 (W.D. Va. Aug. 5, 2024) (recognizing that allegations of sexual misconduct are highly stigmatizing). The Supreme Court of Virginia has recognized that "quotations falsely attributed to a plaintiff are actionable as defamation" if believing that the quotation properly came from the plaintiff would harm the plaintiff's reputation. *Tharpe*, 737 S.E.2d at 894–95. One would reasonably understand an allegation that someone said at a work conference that they "want[ed] to rip [a co-worker's] panties off" as an allegation of workplace sexual harassment, which would tend to harm the reputation of the mis-attributed speaker. That Zachry's accusation of sexual harassment is of the type that would tend to harm one's reputation is also evidenced by the allegation that Auckland was terminated from his employment because he allegedly made the statement to Zachry. (Compl. ¶¶ 20, 49, 55.) Accordingly, the court concludes that the alleged statement is defamatory and therefore actionable as a matter of law.

Defendants do not argue that Zachry's allegation of sexual harassment is not defamatory *per se* because the allegation does not fit within any of the specified categories of *per se* defamatory statements. They argue only that it is neither defamatory nor defamatory *per*

*se* because it was not shared with anyone outside GSI. Having concluded that Zachry's

allegedly false report to HR would constitute defamation, the court assumes without deciding

that the allegation is defamatory *per se* because it either "imputes an unfitness to perform the

duties of a job or lack of integrity in the performance of duties" or "prejudices [Auckland] in

[his] profession or trade." *Taylor*, 782 F. Supp. 2d at 201.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted as to the claims

against Zachry and denied as to the claims against GSI, and Auckland may file an amended

complaint.

The clerk is directed to forward a copy of this Memorandum Opinion and the

accompanying Order to all counsel of record.

**ENTERED** this 28th day of January, 2025.


*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE